Judge Mills
delivered the opinion.
Pursley, the appellaut, filed bis bill in the court below against Iiezin Davidge only, prajing the specific execution of an article of agreement entered into between Azariab Davis and said Davidge, and by Davis assigned to the appellant. '1 be article contained mutual stipulations, on the pari of Davidge, to convey thirty acres of land, adjoining the town of Hopkinsville, and on the part of Davis to pay therefor one thousand dollars by instalments. To this bill Davidge answered, and the cause remained in this sit uatioa for some time, when Davidge amended bis answer, setting up a new defence; alleging that Davis, previous to the assignment to the appellant, had given an order or authority in favor of John Gray, directing him to convey the piece of land — that Gray had sold this order to Young Ewing, to whom he, Davidge, had conveyed in discharge of it. After this disclosure, at a subsequent term, the complainant amended his bill, charging collusion to defeat his recovery, and making Davis, Gray, Ewing and Fidelio C. Sharp defendants. Immediately after the said amendment was made, and an order awarding process, the record proceeds *238 thus? “Atfd it is agreed by the parties aforesaid in ⅛⅝> cauSei ,s'ai ’he answers of the defendants lte*m Davidge, Jlzariak Davis, Young Ewing, r'rtJelio C. Sharp and Joba Gray, shail be considered as filed at this term, and so taken in all respects, provided said answers art filed in the clerk’s office of this court within twenty days from this time > Davidge, Ewing, Gray and Sharp tiled their answers tv¡this the twenty days, but Davis did not, and the process against him was returned “not found.” At the next term of the court, all these defendants below, except Davis, appeared and urged (rial. The appellant objected to it, urging his right to continue as the cause stood. The court, howtvtr, ruled him into trial, as to those defendants, and on the merits dismissed his bill with costs as to all txrept Davis;— The appellant excepted, and pFaiedan appeal; and this forms the first question tor our decision.
A chancery bt'*regularly died tilt the term next thatat which the answers *r>- noitd of record.
By the act of assembly regulating chaneery proceedings, the complainant is not hound to try the cause until the next term after the defendant's answer is noted of record. Although this provision may not embrace the cases of answers |0 amended bills, as that of Davidge tvas in this instance; 'ct as ^‘8 0wn ectS he assoc*a,t^ with himself the other defendants, and made it necessary for the cornplain-ant to bring them before the court, the cause ought not to ^ave ^een as to him, without trying it as to them at the same lime; and they could, under this provision of the statute, have no right to demand trial, but must rely oa the agreement on record to entitle them to it. If this agreement is to be consideied as an appearance and agreement on the part of the defendant Davis, it wa« erroneous to try the cause as to the rest without him; for he is indubitably a necessary party, having assigned the agreement to the appellant. And we conceive sucha writing, signed by each, with mutual stipulations, was not assignable under the act of assembly regulatiog assignments, so as to vest the legal right thereto in the appellant. Besides, if this agreement was made by Davis, on record, as to filing bis answer, be evidently-did not comply with it by.filing his answer, and of course it was not obligatory further on the appellant. If, on the contrary, this arrangement about filing the answers is to he understood as embracing the rest of the defendants, and not Davis, as the court below seems to have understood it, it must be considered as an engagement an their part to have Davis’s answer there.as well as their *239 bwn. This they did not do, and of course they bad no right to demand trial by the agreement of record, as the provisionary clause was not complied with on their part. We conceive, therefore, that the appellant was urged into trial prematurely, when neither by law nor the agreement of the parties was he bound to try the cause. This tenders it unnecessary to sav any thing on the merits, as they may hereafter be materially changed -by the parties.
Hardin and Rope for appellant, Crittenden for appellees
The decree must therefore be reversed with costs, and the cause remanded, with directions to the court below to reinstate the cause for new proceedings not inconsistent ■with this opinion.